# IN THE COURT OF APPEALS OF IOWA

No. 21-0511
Filed June 16, 2021

**IN THE INTEREST OF M.L.,**
**Minor Child,**

**C.L., Father,**
    Appellant,

**A.C., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their five-year old son. **AFFIRMED ON BOTH APPEALS.**

Kevin Hobbs, Johnston, for appellant father.

Heidi Young, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Greer, P.J. and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A father and mother separately appeal the district court order terminating their parental rights to their five-year-old son, M.L. The parents challenge the statutory grounds relied on by the district court. The parents also allege termination is not in M.L.'s best interest. The mother argues an extension of time for reunification efforts should be granted. Both parents assert a permissive exception to termination should apply. We find the evidence supports termination of the parental rights and termination is in the best interest of M.L. We determine the mother's argument for an extension of time to be unpreserved. Lastly, a permissive exception should not be applied on the facts contained in this record. Accordingly, we affirm the district court's termination order.

## I. Background Facts & Proceedings

M.L. is a five-year-old boy, born in late 2015. He was formally removed from parental custody in January 2019, over two years prior to the entry of the termination order.[1] Since removal, he has never returned to the custody of his parents and no trial home placement has occurred. Notably, this is not M.L.'s first involvement with the Iowa Department of Human Services (DHS) or the court, as a previous child-in-need-of-assistance (CINA) case involving M.L. closed in October 2018, the mother relapsing on methamphetamine just months after such case closure.[2]

M.L.'s mother has an extensive history of substance abuse. She reported her first use of alcohol at age twelve, her first use of marijuana at age fourteen,

---

[1] M.L. was placed with paternal relatives under a safety plan in December 2018.
[2] The previous juvenile file is not contained in the instant record.

and her first use of methamphetamine at age sixteen.[3] She has participated in both outpatient and inpatient substance-abuse treatments. The mother used methamphetamine one week prior to the termination hearing. She testified at the termination hearing she was not in a position to have M.L. returned to her custody at the time of the hearing due to her substance-abuse and mental-health issues, as well as a lack of suitable housing.

M.L.'s father was incarcerated for the eighty-five days preceding the termination hearing. He remained incarcerated at the time of the termination hearing. The father reported his last use of methamphetamine was the day prior to his arrest. He acknowledged that, although the underlying CINA case had been opened since January 2019, he had not participated in any services recommended by DHS, including substance-abuse treatment. He also acknowledged by the time of the termination hearing, approximately a year and a half had lapsed since he had seen his son, M.L.

There was a CINA adjudication for M.L., pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019) on February 27, 2019. A dispositional hearing, at which neither parent appeared, was held on April 12. A permanency order was entered on January 22, 2020, following a contested hearing. The father did not appear at the permanency hearing but was represented by counsel. The district court denied the mother's request for an extension of time for reunification efforts and directed the State to file a termination petition as to both the mother and the father.

---

[3] The mother was born in 1990.

On January 28, the State filed a petition seeking termination of the parental rights of both the mother and the father. The termination hearing was held on October 19 and December 15. A placement hearing was held on February 4, 2021. Following the February 2021 hearing, the court modified M.L.'s placement, with custody granted to paternal relatives. The district court terminated the father's and mother's parental rights on April 2, 2021, pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2020). The court determined termination of the father's and mother's parental rights was in the child's best interests and an exception to termination found in section 232.116(3) should not be applied. Both parents timely appeal.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Sufficiency of the Evidence

Both the father and mother claim a lack of sufficient evidence in the record to support termination of their parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one

statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. For the purpose of this appeal, we focus on the termination of both the father and mother's parental rights under section 232.116(1)(f).[4]

M.L. was born in 2015. He was five years old at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(1). There was a CINA adjudication for M.L. *See id.* § 232.116(1)(f)(2). M.L. had been out of parental custody at the time of the termination hearing for well beyond the statutory requirement, from January 2019 until February 2021. *See id.* § 232.116(1)(f)(3). The parents challenge only the fourth element of Iowa Code section 232.116(1)(f), that M.L. could not be returned to their custody at the time of the hearing. That appellate challenge, however, is in direct contradiction to the evidence, including the parents' testimony, at the termination hearing. The mother has not successfully addressed her substance-abuse and mental-health problems. She continued to use methamphetamine up to the time of the termination hearing. The father has not addressed his long-standing issues with substance abuse, using until the day he was taken into custody. Both parents specifically acknowledged at the termination hearing the child could not be placed in their custody. This was despite the offer

---

[4]Under Iowa Code section 232.116(1)(f), a court cannot terminate unless the following elements are proven:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

of over two years of service to the parents to promote reunification.  We conclude the district court properly terminated the parents' rights pursuant to Iowa Code section 232.116(1)(f).

## IV.  Best Interests

The mother claims termination of her parental rights is not in the child's best interests, arguing that a guardianship in lieu of termination would be more appropriate.  The father's sole argument on appeal as to best interest is that a court "must find a parent is so unfit that it is in the best interest of the child to terminate parental rights."[5]  *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . .  General

---

[5] The Iowa Rules of Appellate Procedure require that each issue be separately raised, as follows:

> The argument section shall be structured so that each issue raised on appeal is addressed in a separately numbered division.  Each division shall include in the following order:
> (1) A statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided.
> (2) A statement addressing the scope and standard of appellate review (e.g., "de novo," "correction of errors of law," "abuse of discretion"), citing relevant authority.
> (3) An argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4).  Failure to cite authority in support of an issue may be deemed waiver of that issue.

Iowa R. Civ. P. 6.903.

conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable." (emphasis added)).

In considering a child's best interests, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* M.L. has been without permanency for a substantial period. Importantly, "a guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). We agree with the district court's assessment that, given the child's age and the parents' lengthy unresolved substance-abuse and mental-health issues, a guardianship is not appropriate. Termination of the parents' rights is in M.L.'s best interest.

## V.     Extension of Time for Reunification Efforts

The mother, as part of her best interest argument, also appears to request additional time to work on reunification efforts. The mother's argument in this regard consists of the following statement: "In this case, the best interest of the child means giving [the mother] a few more months to prove her stability to the court, rather than terminating parental rights and causing significant loss for the child due to the relationship with [the mother's] mother and [the child's] siblings." The State argues the mother's request for such extension is unpreserved. We agree. While the mother raised this issue at the permanency hearing, she did not

request such at the combined permanency review and termination hearing. We determine the mother's argument concerning an extension of time is therefore not preserved. The permanency order was a final order from which the mother failed to appeal. Thus, any error claimed to have been made at the permanency hearing or within the ruling prior to the termination proceeding was not preserved for our review. *See* Iowa R. App. P. 6.101(1)(a); *In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (holding failure to appeal a prior order in a CINA case invokes principles of res judicata for subsequent orders); *In re A.A.*, No. 10-1102, 2010 WL 3503981, at *2 (Iowa Ct. App. Sept. 9, 2010).

Even if the mother had preserved the issue of a request for an extension of time for reunification efforts, we find such an extension is not warranted on this record. Iowa Code sections 232.104(2)(b) and 232.117(5) allow the court to grant an extension of time if parental rights are not terminated following the termination hearing. But to continue placement for six more months, the juvenile court must determine that "the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

The instant record is devoid of any evidence that an extension of time for the mother is warranted. We are unable to determine the need for removal will no longer exist at the end of the extension, given the mother's ongoing substance-abuse issue. This young child has been out of custody concerning the most recent case for a period of over two years. This is M.L.'s second involvement as a CINA in

five years. Unfortunately, the mother was not in any better position at the time of the termination hearing than at the removal in early 2019.

Throughout the underlying CINA case, M.L. participated in play therapy, with the dominant themes of the child's therapy focused on the child being scared, afraid, hiding, and needing protection. M.L.'s therapist stressed that the sooner M.L. experiences permanency, the quicker "he can know once and for all where he will be living, who will be meeting his needs and where he will turn for his sense of safety and security. These are critical needs for a child of his age." We decline to grant an extension of time to the mother for reunification efforts.

## VI. Exception to Termination

Finally, the parents' petitions on appeal also make reference to the fact that relatives had custody of the child. We interpret these statements to invoke Iowa Code section 232.116(3)(a), which allows the court to apply a permissive exception to termination if a relative has custody of the child. The father also appears to request the application of Iowa Code section 232.116(3)(c), asserting a closeness of the relationship between the father and M.L. should be applied to prevent termination.[6]

---

[6] Iowa Code section 232.116(3) sets forth permissive exceptions to termination. The court need not terminate the relationship between the parent and child if the court finds any of the following:

    a. A relative has legal custody of the child.

    b. The child is over ten years of age and objects to the termination.

    c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

    d. It is necessary to place the child in a hospital, facility, or institution for care and treatment and the continuation of the parent-

The State asserts an error-preservation issue. We, too, question whether either parent preserved this issue. There is a blurring of the lines between the best interest arguments and the permissive exception requests. Further, the father's only statement that could be interpreted as a request for a permissive exception under Iowa Code section 232.116(3)(a) is a request for a guardianship with his parents. For the purpose of the appeal, we proceed to address the merits given the parents' request for a guardianship with relatives as sufficiently raising an issue with regard to section 232.116(3)(a). However, we reject the request to apply this permissive factor. To the extent that the father has preserved the issue of the application of section 232.116(3)(c) on appeal, we also reject the invitation to apply this exception, given the father's acknowledgment that it has been approximately eighteen months since he has seen M.L.

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). While relatives have custody of M.L., given his age and the length of time the child has been out of parental custody, we

---

child relationship is not preventing a permanent family placement for the child.

    e. The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

do not find a permissive exception should be applied. Further, the record in this appeal lacks evidence that a termination would be detrimental to M.L. *See* Iowa Code § 232.116(3)(c) (requiring that "[t]here is clear and convincing evidence that the termination would be detrimental to the child"). We conclude the exceptions to termination found in section 232.116(3)(a) and (c) should not be applied in this case.

We affirm the district court's decision terminating the parental rights of both the mother and the father.

**AFFIRMED ON BOTH APPEALS.**